UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMERICA STEEL TRADE CORPORATION,**

      **Plaintiff,**

v.                                    Case No: 6:22-cv-915-RBD-EJK

**METALHOUSE, LLC,**

      **Defendant.**

### ORDER

This cause comes before the Court on Plaintiff's Motion for Default Judgment (the "Motion"). (Doc. 10.) In the Motion, Plaintiff, America Steel Trade Corporation, seeks a default judgment against Defendant, Metalhouse LLC, after it failed to respond to the Complaint and was defaulted. (Docs. 1, 9.) To date, Defendant has failed to appear in the case and has not responded to the Motion. After reviewing the Motion and the accompanying evidence (Docs. 7, 10-1, 10-2, 10-3, 10-4, 10-5), I find that the Motion is due to be denied without prejudice to allow Plaintiff to brief how service of process was effective on Defendant.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). However, the mere entry of a default by the Clerk does not, in itself, warrant the Court's entering of a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). The Court must ensure that effective service was made on the defaulted

defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

According to the Affidavit of Service, Plaintiff attempted to serve Defendant at the office of its registered agent, located at 2708 East Jefferson Street, Orlando, Florida 32803. (Doc. 7.) However, the process server was informed that there was no one at the address authorized to accept service on behalf of Defendant. (*Id.*) Therefore, Plaintiff attempted service at the address of Defendant's principal place of business. (*Id.*) The Affidavit of Service reflects that Defendant was served on June 8, 2022, by serving "Alex Lokh as Manager for Metalhouse LLC c/o John Unsalan" at the address of 4705 S. Apopka Vineland Road, Suite 140, Orlando, Florida 32819. (*Id.*) John Unsalan is listed as the registered agent and authorized member for Defendant with the Florida Division of Corporations.[1]

> Under the federal rules, a corporate defendant may be served by:
>
>> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

---

[1] Florida Department of State, Division of Corporations, *Entity Name List*, Sunbiz.org, *available at* https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=METALHOUSE%20L140000316242&aggregateId=flal-114000031624-cd553d4e-7d96-4484-9319-85cf3c2f4c78&searchTerm=metalhouse%20llc&listNameOrder=METALHOUSE%20L140000316242 (last visited Oct. 12, 2022.)

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

The Florida Statutes permit process to be served on limited liability companies by serving either the registered agent or the registered agent's employee. *See* Fla. Stat. § 48.062(1). Based on the citation provided in the Affidavit of Service, Plaintiff asserts service was effective under Florida Statute § 48.062(1).[2] However, the Affidavit of Service states only that Lokh is a "manager" for *Defendant*—not for Unsalan, Defendant's registered agent. Statutes relating to service of process are to be "strictly construed." *ASAP Tree Service LLC v. L.A. Disaster Relief, LLC*, 3:21-cv-961-TJC-JBT, 2022 WL 3596957, at *2 (M.D. Fla. May 18, 2022) (internal quotation marks omitted). Based on the plain language of Florida Statute § 48.062(1), Plaintiff has not satisfied its burden of establishing that Defendant was properly served. *See Perez v. Daniella's ALF LLC*, 8:21-cv-714-CEH-CPT, 2022 WL 4182547, at *4 (M.D. Fla. Sept. 13, 2022) (denying without prejudice a motion for default judgment where the LLC defendant was not properly served under § 48.062 and citing similar Middle District of Florida cases).

---

[2] Plaintiff did not brief how service was effective in the present Motion.

Thus, upon consideration of the foregoing, it is **ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 10) is **DENIED WITHOUT PREJUDICE**. If Plaintiff intends to file a renewed Motion for Default Judgment to address the deficiency identified in this Order, it **SHALL** do so **on or before November 2, 2022**.

**DONE** and **ORDERED** in Orlando, Florida on October 19, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE