UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMERICA STEEL TRADE CORPORATION,**

      **Plaintiff,**

v.                                          Case No: 6:22-cv-915-RBD-EJK

**METALHOUSE, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Renewed[1] Motion for Default Judgment (the "Motion"). (Doc. 12.) In the Motion, Plaintiff, America Steel Trade Corporation, seeks a default judgment against Defendant, Metalhouse LLC, after it failed to respond to the Complaint and was defaulted. (Docs. 1, 9.) To date, Defendant has failed to appear in the case and has not responded to the Motion. After reviewing the Motion and the accompanying evidence (Docs. 10-1, 10-2, 10-3, 10-4, 10-5), I respectfully recommend that the Motion be granted.

---

[1] Plaintiff filed a renewed Motion to address how service of process was effective on Defendant. (Doc. 11.) The undersigned denied without prejudice the original motion. (*Id.*; Doc. 10.)

I. **BACKGROUND**[2]

This is an action to confirm an arbitration award in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, commonly known as the New York Convention (the "Convention"), implemented by Chapter 2 of the FAA at 9 U.S.C. §§ 201–208. (Doc. 1.) In October 2020, Plaintiff and Defendant executed a contract in which Plaintiff agreed to buy Russian pig iron from Defendant. (*Id.* ¶ 4.) Under the contract, Defendant was required to deliver the pig iron to the Port of Iskenderun, Turkey. (*Id.* ¶ 5.) English law governed the contract. (*Id.* ¶ 6.) The contract contained an arbitration clause requiring arbitration in London, United Kingdom. (*Id.* ¶ 7.)

Defendant breached the contract and the parties executed a settlement agreement. (*Id.* ¶ 8.) The settlement agreement incorporated the contract's arbitration provision. (*Id.* ¶ 9.) In April 2021, Plaintiff initiated arbitration in the London Court of International Arbitration after disputes arose regarding the contract and settlement agreement. (*Id.* ¶ 10.) In February 2022, the arbitration panel issued a First Partial Final Award, which ordered Defendant to pay Plaintiff $745,150.00, plus interest at 10% per annum starting from October 22, 2020, until paid in full. (Docs. 1 ¶¶ 12, 13; 10-4 at 21.) It also awarded Plaintiff £10,634.78 for costs. (Doc. 1 ¶ 14.) To date, Defendant has not paid Plaintiff any amounts due under the First Partial Final Award.

---

[2] On default, a defendant admits the well-pleaded allegations of fact in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

(*Id.* ¶ 15.)

## II.  STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Rather, a defaulted defendant is deemed only to admit the plaintiff's well-pled allegations of fact. *Id.* "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original).

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic,* 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). Where all the essential evidence is of record, an evidentiary hearing on damages is not required. *SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

## III. DISCUSSION

### A. Service of Process

According to the Affidavit of Service, Plaintiff attempted to serve Defendant at the office of its registered agent, located at 2708 East Jefferson Street, Orlando, Florida 32803. (Doc. 7.) However, the process server was informed that there was no one at the address authorized to accept service on behalf of Defendant. (*Id.*) Therefore, Plaintiff attempted service at the address of Defendant's principal place of business. (*Id.*) The Affidavit of Service reflects that Defendant was served on June 8, 2022, by serving "Alex Lokh as Manager for Metalhouse LLC c/o John Unsalan" at the address of 4705 S. Apopka Vineland Road, Suite 140, Orlando, Florida 32819. (*Id.*) John Unsalan is listed as the registered agent and authorized member for Defendant with the Florida Division of Corporations.[3]

> Under the federal rules, a corporate defendant may be served by:
>
>> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

---

[3] Florida Department of State, Division of Corporations, *Entity Name List*, Sunbiz.org, *available at* https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=METALHOUSE%20L140000316242&aggregateId=flal-114000031624-cd553d4e-7d96-4484-9319-85cf3c2f4c78&searchTerm=metalhouse%20llc&listNameOrder=METALHOUSE%20L140000316242 (last visited Nov. 15, 2022.)

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

The Florida Statutes permit process to be served on limited liability companies by serving either the registered agent or the registered agent's employee. *See* Fla. Stat. § 48.062(1). If service cannot be made on the limited liability company's registered agent, then a member of a member-managed limited liability company, or a manager of a manager-managed limited liability company, may be served instead of the registered agent. Fla. Stat. § 48.062(2). If neither a member nor the manager is available during business hours, then "he, she, or it may designate an employee of the limited liability company to accept such service." *Id.* § 48.062(2)(c). "After one attempt to serve a member, manager, or designated employee has been made, process may be served on the person in charge of the limited liability company during regular business hours." *Id.* As a last resort, service of process "may be effected by service upon the Secretary of State as agent of the limited liability company." *Id.* § 48.062(3).

Plaintiff asserts that service was effective on Defendant under Florida Statute § 48.062(2). (Doc. 12 at 8.) Plaintiff first attempted to serve Defendant through its registered agent pursuant to § 48.062(1), but service could not be effected at the address listed. (*Id.* at 6.) Therefore, pursuant to § 48.062(2), Plaintiff went to Defendant's principal place of business and served Metalhouse's manager. (*Id.* at 7); *Jupiter House, LLC v. Deutsche Bank Nat'l Tr. Co.*, 198 So. 3d 1122, 1123 (Fla. 4th DCA 2016) (per

curiam) ("If service cannot be made on the LLC's registered agent, process may be served on a member, manager, or designated employee . . . ."). Specifically, the affidavit states that the summons and petition to confirm the arbitration award was delivered to "Alex Lokh as Manager for Metalhouse LLC." (Doc. 7 at 1.) Accordingly, the undersigned recommends that the Court conclude that Defendant was properly served in accordance with Florida Statute § 48.062(2).

### B. Jurisdiction

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203. (*See* Doc. 1, ¶ 1.) The Court has personal jurisdiction over Defendant because it is a Florida limited liability company with its principal place of business at 4705 South Apopka Vineland Road, Suite 140, Orlando, Florida 32819, and is therefore at home in Florida. (*Id.* ¶ 2); Fla. Stat. § 48.193(2). Venue is appropriate in the Middle District of Florida because the Convention provides for venue "in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought." 9 U.S.C. § 204. Defendant's principal place of business is located within the Middle District, Orlando Division, and under 28 U.S.C. § 1391(b)(3), because the Court has personal jurisdiction over Defendant, venue is also appropriate here.

### C. Liability

The Convention provides that "[w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207. It further provides that "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *Id.*

In an action to confirm a foreign arbitral award, the burden is on the party applying for recognition of the award to provide to the court: (1) the original or duly certified copy of the arbitration award; and (2) the original or duly certified copy of the written agreement to arbitrate. *Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1291 (11th Cir. 2004); *see also Pott v. Wolrd [sic] Cap. Props., Ltd.*, No. 21-23942-CIV-LENARD, 2021 WL 9204019, at *3 (S.D. Fla. Dec. 30, 2021). "Once the proponent of the award meets his . . . jurisdictional burden of providing a certified copy of the award and the arbitration agreement, he establishes a prima facie case for confirmation of the award." *Czarina*, 358 F.3d at 1292 n.3. "That is, the award is presumed to be confirmable." *Id.* The defendant can only overcome this presumption by demonstrating one of seven enumerated defenses in the Convention, set forth in Article V. *Id.*[4]

---

[4] The Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. 5, June 10, 1958, 21 U.S.T. 2517, *available at*

Plaintiff seeks default judgment against Defendant in the amount of $747,150.00 plus interest at ten percent per annum from October 22, 2020, as well as £10,634.78 in costs. (Doc. 10 at 6.)

The undersigned finds that Plaintiff has satisfied its initial burden by supplying the Court with (1) a copy of the First Partial Final Award (Doc. 1-4); and (2) copies of the contract and settlement agreement, both containing arbitration provisions (Docs. 1-2, 1-3).[5] As such, Plaintiff has established a prima facie case for confirmation of the First Partial Final Award, and it is presumed to be confirmable. *Czarina*, 358 F.3d at 1291. Defendant has failed to overcome this presumption by making one of the showings enumerated in Article V of the Convention because Defendant has failed to answer, plead, or otherwise appear in this action. Therefore, the undersigned recommends that default judgment against Defendant is proper. *See Pott*, 2021 WL 9204019, at *6 (granting motion for default judgment and confirming foreign arbitral award); *Swiss Inst. of Bioinformatics v. Glob. Initiative on Sharing All Influenza Data*, 49 F. Supp. 3d 92, 99 (D.D.C. 2014) (same).

### D. Damages

Because all the essential evidence as to damages is of record, an evidentiary hearing is not required. *Smyth,* 420 F.3d at 1232 n.13. Pursuant to the First Partial Final Award, Plaintiff is entitled to **$747,150** in damages (the "Principal Award")

---

https://www.newyorkconvention.org/english (last visited Oct. 12, 2022).
[5] Denis Zakutaev, Plaintiff's managing member, attested to the authenticity of these three documents in his Declaration. (Doc. 10-1.)

(Doc. 10-4 at 20.)

Pursuant to the First Partial Final Award, the Principal Award shall bear interest at 10% annual interest beginning on October 22, 2020. (*See id*. at 21.) Ten percent of $747,150 equals $74,715 per annum, or approximately $204.70 per day, beginning on October 22, 2020. Therefore, the undersigned recommends that, if the Court adopts this Report & Recommendation, the Court calculate the number of days that have elapsed from October 22, 2020, through the date of the entry of judgment and multiply that number by the daily prejudgment interest rate of $204.70 per day to reach a total prejudgment interest award amount.

Plaintiff also requests that the Court require Defendant to pay £10,634.78 for costs awarded by the First Partial Final Award. (Docs. 10 at 7; 10-4 at 22.) To that end, Plaintiff requests the Court (1) take judicial notice of the conversion rate between dollars and pounds, and (2) apply the conversion rate at the time of the award rather than at the time judgment is entered. (Doc. 10 at 7.) Plaintiff cites persuasive authority for the Court's ability to do both. (*Id.*)

Based on the undersigned's examination of the issue, it is appropriate to take judicial notice of the exchange rate on the date the First Partial Final Award was entered. *See Sequip Participações S.A. v. Marinho*, No. 15-23737-MC-LENARD/GOODMAN, 2019 WL 8301064 at *5–6 (S.D. Fla. Feb. 26, 2019) (applying the "breach day" rule to determine which exchange rate applied to a judgment confirming a foreign arbitration award, which was the day the arbitral award issued, and taking judicial notice of same); *see also West v. Butikofer*, No. 19-CV-1039-

CJW-KEM, 2020 WL 5245226, at *6 n.3 (N.D. Iowa Aug. 18, 2020) (taking judicial notice of conversion rate of euros to dollars); *Senah, Inc. v. AVIC Forstar S&T Co.*, No. 16-cv-7053-RS, 2019 WL 3486064, at *2 n.3 (N.D. Cal. Aug. 1, 2019) (taking judicial notice of conversion rate of renminbi to dollars). The relevant exchange rate on February 17, 2022, the date the First Partial Final Award was issued, was 1.3624 U.S. dollars to 1 Great British Pound.[6] Under that conversion rate, Defendant owes Plaintiff **$14,488.82** for costs.

Finally, Plaintiff requests post-judgment interest. (Doc. 10 at 8.) Title 28 U.S.C. § 1961(a) states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a); *Sequip Participações*, 2019 WL 8301064, at *7–8 (awarding post-judgment interest on the judgment of a foreign arbitration award confirmation). Accordingly, Plaintiff is entitled to post-judgment interest on the total judgment amount (including pre-judgment interest) at the statutory rate set forth in 28 U.S.C. § 1961 as of the date of the entry of the default final judgment.

---

[6] *See* Fed. Reserve Bd. Foreign Exchange Rates - H.10, Historical Rates for the Great British Pound, *available at* https://www.federalreserve.gov/releases/h10/20220222/ (last visited Oct. 12, 2022).

## IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Plaintiff's Renewed Motion for Default Judgment (Doc. 12) and **DIRECT** the Clerk of Court to **ENTER** a Default Judgment against Metalhouse, LLC as follows:

    a. $747,150 in damages;

    b. Pre-judgment interest from October 22, 2020, through the date judgment is entered;

    c. $14,488.82 in costs; and

    d. Post-judgment interest at the rate set forth in 28 U.S.C. § 1961 on the date judgment is entered.

2. Following entry of final default judgment, **DIRECT** the Clerk of Court to close the case.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th

Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on November 17, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE