UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMERICA STEEL TRADE CORPORATION,**

      Plaintiff,

v.                                            Case No: 6:22-cv-915-RBD-EJK

**METALHOUSE, LLC,**

      Defendant.

### REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion for Default Judgment in Garnishment (the "Motion"), filed February 13, 2023. (Doc. 23.) Defendant Metalhouse LLC has not responded to the Motion. Upon consideration, I respectfully recommend that the Motion be granted.

On December 8, 2022, the Court entered a default judgment against Defendant in the amount of $747,150.00, $159,051.90 in pre-judgment interest, $14,488.82 in costs, and post-judgment interest. (Doc. 15.) The Clerk of Court subsequently issued a Writ of Garnishment (the "Writ") directed to Bank of America, N.A. ("BOA"). (Doc. 18.) BOA filed an Answer to the Writ, which was later amended, stating that it is indebted to Defendant in the amounts of $21,823.13 and $456.89, across two accounts, for a total of $22,280.02. (Doc. 20 at 2.)

Pursuant to Florida Statutes §§ 77.041 and 77.055, Plaintiff mailed to Metalhouse the required notice documents. (Doc. 21 at 2.) Defendant has not made

any further filings in this case. Specifically, Defendant did not raise any valid defenses or claim valid exemptions to the Writ. Additionally, Defendant has not responded to the instant Motion and the time to do so has expired. Therefore, the Court considers the Motion as unopposed. Local Rule 3.01(c).

Florida's procedure in aid of execution governs in the instant case. *See* Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. "Florida law requires garnishment statutes to be strictly construed." *Bernal v. All Am. Inv. Realty, Inc.*, No. 05-60956-CIV, 2009 WL 586010, at *4 (S.D. Fla. Mar. 6, 2009). When a plaintiff demonstrates that the defendant was served with the statutorily required notices but failed to appear or otherwise respond to a writ of garnishment, the plaintiff meets the statutory requirements for a judgment of garnishment. *See Zhejiang Dongri Imp. & Exp. Co., Ltd., v. Neoptx, LLC*, No. 20-CV-60114-SMITH/VALLE, 2021 WL 2480879, at *1 (S.D. Fla. 2021), *adopting report & recommendation in relevant part*, 2021 WL 2476518 (S.D. Fla. June 17, 2021).

In response to the Writ, BOA filed its Amended Answer, admitting that it held funds for Defendant which may be subject to garnishment. (Doc. 20.) Pursuant to Florida Statutes §§ 77.041 and 77.055, Plaintiff provided Notice of Garnishment to the Defendant and further advised that Defendant must move to dissolve the Writ within the statutory time allotted. (Docs. 21, 22.) To date, Defendant has failed to assert a claim for exemption or move to dissolve the Writ. Accordingly, Plaintiff has met the statutory requirements for judgment of garnishment and Plaintiff's Motion should be

granted.

Thus, upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Plaintiff's Motion for Default Judgment in Garnishment (Doc. 23); and

2. **ENTER** final judgment in favor of Plaintiff and against Bank of America, N.A., in the amount $22,280.02.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on March 14, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE