UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMERICA STEEL TRADE
CORPORATION,

        **Plaintiff,**

v.                                    **Case No: 6:22-cv-915-RBD-EJK**

METALHOUSE, LLC,

        **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's *Ex Parte* Motion for Issuance of Writs of Garnishment (the "Motion") (Doc. 24), filed March 8, 2022. For the reasons set forth below, the Motion is due to be granted.

On December 8, 2022, the Court entered a final default judgment in favor of Plaintiff, America Steel Trade Corporation, and against Defendant, Metalhouse, LLC, in the amount of $747,150.00, plus prejudgment interest of $204.70 per day from October 22, 2020, through the date judgment was entered, $14,488.82 in costs, and post-judgment interest. (Doc. 15.) On March 31, 2023, the Court entered a final judgment of garnishment against Bank of America, N.A. in the amount of $22,280.02. (Doc. 27.) In the instant Motion, Plaintiff requests the issuance of writs of garnishment to Citigroup Inc. and JP Morgan Chase & Co. (the "Garnishees"). Attached to the Motion are proposed writs. (Docs. 24-1, 24-2.)

"A money judgment is enforced by a writ of execution." Fed. R. Civ. P. 69(a)(1). "The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Federal Rule of Civil Procedure 64 provides that a judgment-creditor has access to "every remedy . . . available . . .under the law of [Florida] . . . for seizing a . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a)

Garnishment proceedings in Florida are governed by Chapter 77 of the Florida Statutes. "Every . . . entity who has . . . recovered judgment in any court against any person . . . has a right to a writ of garnishment." Fla. Stat. § 77.01. Under Florida law, "[a]fter judgment has been obtained against defendant . . . the plaintiff, the plaintiff's agent or attorney, shall file a motion . . . stating the amount of the judgment." Fla. Stat. § 77.03. Section 77.04 provides the form of the writ:

> The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in plaintiff's motion. If the garnishee is a business entity, an authorized employee or agent of the entity may execute, file, and serve the answer on behalf of the entity.

Fla. Stat. § 77.04. "Post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor." *Ainbinder v. Hingson*, No. 8:18-mc-54-T-33JSS,

2018 WL 6605247, at *1 (M.D. Fla. July 23, 2018); *accord Michael Grecco Prods., Inc. v. SofferSapp LLC*, No. 16-24966-CIV-COOKE/O'SULLIVAN, 2021 WL 3109971, at *2 (S.D. Fla. July 22, 2021).

Plaintiff asserts that it has "reasonable information and belief that [Defendant] may have a bank account or bank accounts with Garnishees, which in turn may have monies owing to [Defendant]." (Doc. 24 at 2.) Plaintiff has complied with Rule 69 and Florida law—the proposed writs of garnishment contain all the necessary language under § 77.04. Thus, the Court finds that Plaintiff has demonstrated entitlement to the writs.

Accordingly, it is hereby **ORDERED** that Plaintiff's *Ex Parte* Motion for Issuance of Writs of Garnishment (Doc. 24) is **GRANTED**. The Clerk is **DIRECTED** to **ISSUE** the proposed writs of garnishment (Docs. 24-1, 24-2). The Clerk is **FURTHER DIRECTED** to remove the *Ex Parte* designation on the Motion.

**DONE** and **ORDERED** in Orlando, Florida on April 4, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE